UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
In re:                                          :
                                                :
INKSTOP, INC,                                   :    CASE NO. 1:10-MC-71
                                                :    BANKRUPTCY CASE NO. 10-01251
        Debtor.                                 :
------------------------------------------------ :
                                                :
MARY ANN RABIN,                                 :
                                                :    OPINION AND ORDER
        Plaintiff,                              :    [Resolving Doc. No. 1]
    v.                                          :
                                                :
DIRK KETTLEWELL,                                :
                                                :
        Defendants.                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Charles Ames, Richard Ames, Michael Clegg, Norbert Lewandowski, James Mastrian, Buford Ortale, Sewanee Partners II LP, and Michael Shaughnessy motion for an order withdrawing reference to the bankruptcy court of an adversary proceeding initiated by Plaintiff Mary Rabin, Trustee for debtor Inkstop, Inc. [Doc. 1.] The Defendants argue that the Plaintiff's suit, which seeks damages for alleged breaches of fiduciary duties and damages from Inkstop's insolvency, includes non-core claims. The Defendants add that these non-core claims predominate over the Plaintiff's core allegations, and thus that the entire adversary proceeding should be adjudicated by this Court. [Doc. 1.]

-1-

Case No. 1:10-MC-71
Gwin, J.

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Courts have developed a non-exhaustive list of factors to consider in determining whether cause exists, which includes whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993). A non-core proceeding has four characteristics: (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of Title 11; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case. *In re Hughes-Bechtol*, 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992).

The Plaintiff does not object to the Defendants' motion. This Court thus finds that the Plaintiff's non-core allegations predominate in her claims against the Defendants and **GRANTS** the Defendants' motion to withdraw reference to the adversary proceeding from the bankruptcy court.

IT IS SO ORDERED.


Dated: November 10, 2010        s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE